IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LINDA ROBISON                                                                   PLAINTIFF

VS.                          CIVIL NO. 04-2230

JO ANNE B. BARNHART, COMMISSIONER
SOCIAL SECURITY ADMINISTRATION                                DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Linda Robison, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner") denying her claims for disability insurance benefits (hereinafter "DIB") and supplemental security income (hereinafter "SSI"), under the provisions of Titles II and XVI of the Social Security Act (hereinafter the "Act").

**Procedural Background:**

The applications for DIB and SSI now before this court were filed on October 9, 2002, alleging an onset date of July 23, 2002, due to back injury, nerve damage to her lower back, and a cervical laminectomy. (Tr. 53-56, 60, 244-246). An administrative hearing was held on June 18, 2003. (Tr. 258-278, 279-281). Plaintiff was present and represented by counsel.

On September 22, 2003, the Administrative Law Judge (hereinafter "ALJ"), issued a written decision finding that plaintiff's impairments were severe impairments. However, he concluded that they did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 17). After discrediting plaintiff's subjective allegations, the ALJ concluded that she maintained the residual functional capacity (hereinafter "RFC"), to perform a broad range of light work, limited by her ability to stand or walk up to two hours at a time and remain on her feet 2/3 of an eight-hour workday. (Tr. 19). In addition, he determined that plaintiff could only occasionally

stoop, crouch, kneel, crawl, and do overhead work. Further, plaintiff could not As her past relevant work as a hemming machine operator and poultry line worker did not require the performance of work-related activities precluded by her RFC, the ALJ determined that plaintiff was not disabled. (Tr. 17).

At the time of the administrative hearing, plaintiff was forty-four years old and possessed a tenth grade education. (Tr. 344, 347). Her past work consisted of work as an electronic assembler, quality control worker, hemming and tacking machine operator, stock clerk, nursing assistant, and poultry line worker. (Tr. 13).

On August 27, 2004, the Appeals Council declined to review this decision. (Tr. 5-8). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties were afforded the opportunity to file appeal briefs, but plaintiff chose not to do so. (Doc. # 9).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of

those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)- (f)(2003), 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920 (2003).

**Discussion:**

Of particular concern to the undersigned is the ALJ's failure to request an RFC assessment from a treating physician. *See Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984) (If a treating physician has not issued an opinion which can be adequately related to the disability standard, the ALJ is obligated to address a precise inquiry to the physician so as to clarify the record). The ALJ, in concluding that plaintiff could perform light work, relied on the opinion of a consulting physician. (Tr. 21, 164-171). We note, that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999). Further, we also note that the evidence shows that plaintiff was suffering from mild diffuse disc bulging at the L4-5 level, a small central/left paracentral disc protrusion at the L1-2 level, and a small right posterolateral disc protrusion at the T12-L1. (Tr. 175).

On July 19, 2003, plaintiff complained of severe lower back pain, going down both legs and into her ankles. (Tr. 222). She was released with a prescription for Skelaxin, and instructed regarding pain management. (Tr. 223-224). Then, on July 23, 2002, plaintiff reported left-sided chest tenderness and pain under the left axilla. (Tr. 226). She indicated that it was tender to the touch, and hurt when she moved. Following a diagnosis of chest wall pain, plaintiff was given Vicoprofen, and released home. (Tr. 226).

On August 22, 2003, plaintiff was treated for chronic lower back pain. (Tr. 235-236). The emergency room doctor gave her an injection of Toradol and counseled her regarding weight loss. (Tr. 236). He also prescribed Lortab and Skelaxin. (Tr. 241).

On November 3, 2003, plaintiff again complained of back pain, noting that it had worsened over the previous eight or nine days. (Tr. 233). She indicated that Tylenol and Ibuprofen were not

helping. Her bilateral straight leg raise test was positive, as were her figure 4s. On examination, pain was noted on palpation of her lumbosacral spine. As such, plaintiff was diagnosed with back strain, and prescribed Skelaxin and Darvocet. (Tr. 232).

After reviewing this evidence, it is clear that plaintiff was suffering from chronic back pain, for which she had been prescribed narcotic pain medication. As such, the ALJ should have requested an RFC assessment from plaintiff's treating physician. Accordingly, on remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff, asking the physicians to review plaintiff's medical records; to complete a mental and physical RFC assessment regarding plaintiff's capabilities during the time period in question; and, to give the objective basis for their opinions, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

We also note that the RFC assessment relied on by the ALJ was dated December 2002, two months after her cervical fusion surgery. Because the evidence documenting the problems with plaintiff's lumbar spine was obtained after the date of the RFC assessment, we find the RFC assessment to be outdated. Therefore, based on the current evidence of record, we do not find substantial evidence supporting the ALJ's RFC determination.

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be

remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 6th day of January 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE